UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLSTATE INSURANCE COMPANY,

    Plaintiff,

v.                                                      Case No. 8:19-cv-1181-T-36CPT

JOEL MEEK and MEEK INSURANCE
GROUP, INC.,

    Defendants.
_____/

JOEL MEEK,

    Counter-Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Counter-Defendant.
_____/

## **O R D E R**

    Before the Court is Defendant/Counter-Plaintiff Joel Meek's motion to strike various affirmative defenses (Doc. 24) and Plaintiff/Counter-Defendant Allstate Insurance Company's (Allstate) response in opposition (Doc. 25). For the reasons discussed below, Meek's motion is denied.

I.

Allstate initiated this action in May 2019 against Meek and his eponymous insurance company (Meek Insurance Group, Inc.) for breach of contract, violation of the Defend Trade Secrets Act, violation of the Florida Uniform Trade Secrets Act, and tortious interference with contractual and customer relationships. (Doc. 1). Meek and his company answered the complaint in July 2019 and asserted a number of affirmative defenses. (Doc. 13).

Approximately five months later, Meek filed an amended answer and included a three-count countercomplaint against Allstate for breach of contract, fraud, and negligent misrepresentation. (Doc. 22). Allstate answered Meek's counterclaims and raised sixteen affirmative defenses of its own. (Doc. 23 at 9-11).

In the instant motion, Meek seeks to strike seven of Allstate's affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f) on the grounds that they "stat[e] only theories of *potential* affirmative defenses" and are devoid of any factual support. (Doc. 24). Allstate opposes Meek's motion, asserting, *inter alia*, that its defenses satisfy the notice pleading standards required by the Federal Rules.[1] (Doc. 25). After careful review of the parties' submissions and the governing authority, the Court finds Meek's motion to be both procedurally and substantively infirm.

---

[1] Allstate, however, agrees to withdraw its fourteenth affirmative defense, which is one of the defenses contested by Meek and duplicative of its tenth affirmative defense. (Doc. 25 at 2 n.1).

II.

A.

The Court begins its analysis with the conferral mandates imposed by Local Rule 3.01(g).  That rule provides, in pertinent part:

> Before filing any motion in a civil case . . . the moving party shall confer with counsel for the opposing party *in a good faith effort to resolve the issues raised by the motion*, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion.  A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer.

M.D. Fla. R. 3.01(g) (emphasis added).

As noted in the undersigned's "Preferences" section on the Court's website, "[t]he term 'confer' in Local Rule 3.01(g) requires a substantive conversation in a good-faith effort to resolve the motion without court action."  (available at http://www.flmd.uscourts.gov/judges/christopher-tuite).  This rule contemplates that the movant's attorney will speak to opposing counsel either in person or by telephone prior to filing a motion.  *MacKay v. Creative Hairdressers, Inc.*, 2019 WL 937734, at *1 (M.D. Fla. Jan. 7, 2019) (citing *Davis v. Apfel*, 2000 WL 1658575, at *2 n.1 (M.D. Fla. Aug. 14, 2000)).

It does not appear that Meek adhered to the strictures of Rule 3.01(g) here.  While his counsel certifies he "contacted" Allstate's attorney and was "unable to resolve the issues addressed in th[e] motion" (Doc. 24 at 7), Allstate represents that no meaningful discussion actually took place because Meek only afforded Allstate

3

roughly three hours' notice prior to filing his motion. Such an approach does not comport with either the letter or the spirit of Rule 3.01(g). The parties are reminded that, with respect to any future motions covered by Rule 3.01(g), they must engage in a substantive dialogue in a genuine attempt to resolve the matter before seeking judicial intervention. The parties are also reminded that a failure to do so may subject their motions to denial on that basis alone.

B.

In addition to this procedural infirmity, Meek's motion to strike Allstate's affirmative defenses is without merit. Affirmative defenses are subject to the pleading requirements set forth in Federal Rule of Civil Procedure 8, which mandates, *inter alia*, that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Rule 12(f)—which Meek invokes here—empowers courts to strike an affirmative defense if that defense is "redundant, immaterial, impertinent . . . scandalous," or "'insufficient." Fed. R. Civ. P. 12(f); *see also Clarendon Am. Ins. Co. v. All Brothers Painting, Inc.*, 2013 WL 5921538, at *1 (M.D. Fla. Nov. 4, 2013) (citation omitted). An affirmative defense is deemed insufficient "only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Hamblen v. Davol, Inc.*, 2018 WL 1493251, at *3 (M.D. Fla. Mar. 27, 2018) (quoting *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002)). As long as such a defense "puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." *Id*. (quoting *Reyher v. Trans*

4

*World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995)) (internal quotation marks omitted); *see also* 5 Charles Alan Wright, *et al.*, *Federal Practice & Procedure* § 1281 (3d ed. 2018) ("[A] federal court will not entertain [a] motion [to strike] unless the objectionable matter clearly is irrelevant and prejudicial to the moving party.") (emphasis added and footnote omitted).

In the end, "district courts have broad discretion in determining whether to grant a motion to strike." *Wiand v. Wells Fargo Bank, N.A.*, 938 F. Supp. 2d 1238, 1251 (M.D. Fla. 2013) (citation omitted). That said, courts in this Circuit generally view motions to strike with disfavor given their "drastic" nature and the high threshold that must be met to warrant such relief. *Hamblen*, 2018 WL 1493251, at *3 (observing that motions to strike "are disfavored due to their 'drastic nature'") (quoting *Royal Ins. Co. of Am. v. M/Y Anastasia*, 1997 WL 608722, at *3 (N.D. Fla. Jan. 30, 1997)); *Clarendon*, 2013 WL 5921538, at *1 (noting that motions to strike are a "drastic remedy" with a "difficult standard to satisfy" and are "generally disfavored by the courts" and collecting cases); *Gonzalez v. Scottsdale Ins. Co.*, 2020 WL 1891328, at *1 (S.D. Fla. Apr. 16, 2020) ("[A] motion to strike is a drastic remedy, which is disfavored by the courts . . . .") (quotation and citation omitted); *see also* 5 Charles Alan Wright, *et al.*, Federal Practice & Procedure § 1281 (3d ed. 2018) (explaining that "motions to strike generally are not favored inasmuch as they unnecessarily proliferate the pleading stage and postpone a trial on the merits, without any significant benefits").

In this case, putting aside the fourteenth affirmative defense that Allstate agrees to withdraw, Meek seeks to strike the following six defenses:

- Affirmative Defense No. 3: [Meek's] claims are barred in whole or in part because Allstate transmitted only truthful information.

- Affirmative Defense No. 7: [Meek's] claims are barred in whole or in part because at all times Allstate acted pursuant to the terms of the [Exclusive Agency] Agreement.

- Affirmative Defense No. 9: [Meek's] claims are barred in whole or in part because at all times Allstate acted reasonably under the circumstances.

- Affirmative Defense No. 10: [Meek's] claims are barred in whole or in part because to the extent that Defendants have suffered any damages, such damages are not attributable to any alleged wrongdoing by Allstate.

- Affirmative Defense No. 11: [Meek's] claims are barred in whole or in part by the Doctrine of Unclean Hands.

- Affirmative Defense No. 12: [Meek's] claims are barred in whole or in part by the equitable defenses of waiver and estoppel.

(Doc. 23 at 9-11).

While Meek is correct that several of these affirmative defenses—namely, those numbered three, seven, nine, and ten—may be characterized more properly as "denials," that does not provide a sufficient basis for striking them. As a number of courts have observed, averments in an answer that do "not meet the technical definition" of affirmative defenses should be "treated as specific denials," rather than being stricken. *Nobles v. Convergent Healthcare Recoveries, Inc.*, 2015 WL 5098877, at *1 (M.D. Fla. Aug. 31, 2015) (citation omitted); *see also FAST SRL v. Direct Connection*

*Travel LLC*, 330 F.R.D. 315, 319 (S.D. Fla. 2018) (commenting that "[w]hen defendant mislabels a specific denial as a defense, the proper remedy is to treat the claim as a denial, not to strike it") (quotation and citation omitted). Furthermore, Meek fails to identify (nor does the Court discern) any prejudice in allowing these defenses to remain part of Allstate's pleading. *Dzafic v. Geovera Specialty Ins. Co.*, 2008 WL 2950125, at *2 (M.D. Fla. July 31, 2008) (finding that, while affirmative defenses may not be properly categorized as such, they are not subject to being stricken because, among other things, "[p]laintiff will not be prejudiced by allowing them to remain"); *Reyher*, 881 F. Supp. at 576 (stating that courts will not "strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party") (citations omitted).

Meek's challenges to the remaining two affirmative defenses—numbers eleven and twelve—fare no better. To begin, Meek's assertion that these defenses do not comply with the heightened pleading standards of Rule 8(a), as expounded upon by the Supreme Court in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), does not comport with the findings of a majority of courts that have addressed the matter. As one court has summarized:

> Cases holding that the heightened standard of pleading does not apply to affirmative defenses note the difference between Rule 8(a), which deals with the pleading requirements for complaints, and Rules 8(b) and (c), which deal with the pleading requirements for defenses. While Rule 8(a)(2) requires a pleading stating a claim for relief to include a short and plain statement of the claim *showing* that the pleader is entitled to relief, Rules 8(b) and 8(c) only require parties to *state* their defenses. But *Twombly* and *Iqbal* only addressed the language of Rule 8(a), and the

7

Supreme Court has not extended the *Twombly* and *Iqbal* standard to affirmative defenses.

*Hamblen*, 2018 WL 1493251, at *3 (internal citations and quotation marks omitted); *see also Ramnarine v. CP RE Holdco 2009-1, LLC*, 2013 WL 1788503, at *1-3 (S.D. Fla. Apr. 26, 2013).

Based largely on this analysis, the greater weight of authority supports that Rule 8(a)'s elevated pleading requirements for claims for relief do not apply to affirmative defenses. *See Hamblen*, 2018 WL 1493251, at *3 ("The Court does not hold [affirmative] defenses to the strictures of *Twombly* [and, in doing so,] finds itself in the majority position of federal courts on the issue.") (citing cases); *Abajian v. HMSHost Corp.,* 2020 WL 1929134, at *3 (S.D. Fla. Apr. 21, 2020) (discussing split of authority regarding the pleading standards applicable to affirmative defenses and concluding that such defenses "are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*"); *Gonzalez*, 2020 WL 1891328, at *1 ("Affirmative defenses are not held to the same pleading standard as claims for relief.") (citing *Ramnarine*, 2013 WL 1788503, at *3).[2]

---

[2] Some courts have also found it more equitable to apply a less stringent pleading standard to affirmative defenses given that a defendant must answer a complaint within twenty-one days. *See, e.g., Adams v. JP Morgan Chase Bank, N.A.*, 2011 WL 2938467, at *4 (M.D. Fla. July 21, 2011) ("Whereas plaintiffs have the opportunity to conduct investigations prior to filing their complaints, defendants, who typically only have twenty-one days to respond to the complaint, do not have such a luxury."); *Floyd v. SunTrust Banks, Inc.*, 2011 WL 2441744, at *8 (N.D. Ga. June 13, 2011) (same).

Moreover, while it is true that Allstate's eleventh and twelfth affirmative defenses set forth barebones averments of unclean hands, waiver, and estoppel, they nonetheless "'serve the laudable purpose of placing [Meek] and the Court on notice of certain issues [Allstate] intends to assert against [Meek's] claims.'" *Dunning v. Tang Thuyen*, 2012 WL 882549, at *2 (M.D. Fla. Mar. 15, 2012) (citation omitted); *see also Nobles*, 2015 WL 5098877, at *2 (declining to strike affirmative defenses that, "although stated in general terms," gave sufficient notice of the defenses the defendant intended to raise). This is particularly the case with these equitable defenses because they are commonly raised[3] and generally require little elaboration at the pleading stage. *See, e.g.*, *Nobles*, 2015 WL 5098877, at *2; *Jones v. Kohl's Dep't Stores, Inc.*, 2015 WL 12781195, at *2 (S.D. Fla. Oct. 16, 2015) (denying motion to strike "single sentence defense" of laches, unclean hands, and waiver because they are "sufficient— boilerplate but well-recognized [ ] valid defenses"); *Smith v. Wal-Mart Stores, Inc.*, 2012 WL 2377840, at *4 (N.D. Fla. June 25, 2012) (denying motion to strike where defendant provided sufficient notice of common affirmative defenses). The fact that Meek fails to point to any prejudice resulting from Allstate's assertion of these defenses and that he may also explore the defenses through discovery further weighs against granting his motion to strike them.

---

[3] Indeed, waiver and estoppel are specifically enumerated in Rule 8(c).

III.

In light of all of the above, Meek's motion to strike certain of Allstate's affirmative defenses (Doc. 24) is denied.

DONE and ORDERED in Tampa, Florida, this 4th day of May 2020.

*Christopher P. Tuite*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record